*White*, Attorney General, for the State.

---

### Booth and Bell *against* Comegys and Pershouse.

1, Plea of tender of bank notes must be accompanied with profert.
2, Matter of defeasance need not be alleged in declaration.

IN *Limestone* Circuit Court defendants declared against plaintiffs in Error on their bond for $3070 89. Oyer craved ; and a joint bond of *Brice M. Garner* and defendants set out concluding thus : " This obligation may be " discharged in good merchantable baled cotton delivered " at said *Garner's* ferry landing in *Limestone* County, at cash " price, on or before 15th January, 1821, *Henry Minor* or " *Joshua Falconer* being notified of the delivery thereof. " This obligation is collateral security for the payment of an " execution from *Madison* Circuit Court, said *Falconer* and " and *Comegys* against said *Garner*. Judgment at *Septem-* " ber term, 1821 ; and whatever may be made on said exe- " cution is to be credited thereon. Witness," &c. Plea—that an execution upon the judgment mentioned issued, on which was an endorsement pursuant to the Statute passed 14th day of *June*, 1821, that certain bank notes would be received in payment ; and afterwards, and before the return day of the execution, on, &c. at &c. said *Garner* tendered and offered to *John M. Taylor*, Esq. the attorney of said *Falconer* and *Comegys*, in payment and satisfaction thereof good bank notes, such as named in the endorsement, to the full amount

26

JUNE, 1824.

Booth and Bell
v.
Comegys and
Pershouse.

of the judgment and the interest which had accrued ; but said attorney refused to receive the said bank notes, and defendants say they are now ready and willing to pay and discharge said judgment according to the tenor and effect of said endorsement, viz. the amount in bank notes as aforesaid tendered by said *Garner*, and pray that the same may be received.

Defendants in the Courts below also plead payment. Issue on the last plea, general demurrer and joinder to the first. Demurrer sustained ; verdict and judgment for defendants in Error.

*Booth* and *Bell* here assign that there was Error

1, In sustaining the demurrer to the plea of tender.

2, That declaration was insufficient, there being no averment that the execution was not paid.

Judge *Saffold* delivered the opinion of the Court.

Bank notes are portable, and could as conveniently as other money have been brought into Court. The plea without the averment of *profert in curia* was bad on demurrer.

On the bond as described, a good cause of action is shewn, and *prima facie* there was a right to recover. The condition shews a matter in defeasance, of which the defendants in the Court below (if they expected to sustain it by proof) should have availed themselves by plea.(a),

*(a) Mullins vs. Cabiness, ante, p. 31.*

Let the judgment be affirmed.

Judge *Ellis* having presided on the trial below, and Judge *Minor* having been of Counsel, did not sit.

*Coalter, Kelly,* and *Hutcheson,* for plaintiffs in Error—cited, 7 John. R. 476.

*John M. Taylor,* for defendants—6 Bac. Ab. 465. Tender R. 4.